O’Neall, J:
delivered the opinion of the Court.
In this case we concur with the presiding Judge, that the language and conversations of Mrs. Hopkins, the defendant, were competent evidence to show her agency in the separation, which took place between the plaintiff and his wife.
In Hawkins v. Hatton and wife, 2 N. & M. 374, it was held, that the declarations, or rather admissions of the wife, could not be given in evidence, to show that she had committed a trespass, and thereby to charge the husband in damages. Of the correctness of the rule, as laid down in that case, I am fully satisfied. The injury complained of in it, consisted in an act done, *410 which was susceptible of other proof. Her admissions of it, were no more, than her own evidence would have been, if she had been sworn as a witness. She could not be sworn as a witness against the husband, except in cases of personal abuse of herself by him. This rule of exclusion is founded on a wise policy, and ought to be as little trenched upon as possible; yet to apply it as contended for in this case, would be to exclude all the proof of the injury itself, of which the plaintiff could avail himself.
The rule in the case of Hawkins v. Hatton and wife, is however subject to qualifications. If the declarations of the wife are part of the res gestee, or constitute in themselves the injury complained of, then they are competent evidence. In the case before us, they are a part of the separation of the wife from the husband: they indicate why and how it took place, and therefore are evidence both as part of the res gesta, and also as constituting the injury complained of. They are themselves the act done, whereby the plaintiff* has sustained injury. For the two conversations detailed in evidence, and which are the subject of complaint, were had, when the plaintiff’s wife was present, and when she could, and probably did hear the observations of her mother. The assertion of the mother, that Dr. Park, the plaintiff, had promised before marriage, not to deprive her of the society of her daughter, and that he might go where and when he pleased, but that she was determined her daughter should not leave her, was well calculated to influence the conduct of a young and only daughter.
On the other parts of the case we also concur with the presiding Judge. His instructions to the jury were proper, and although we think the plaintiff’s case, was one not at all deserving even the small verdict which has been rendered, yet as the facts and damages were matters exclusively for the jury, we cannot now undertake to say that their decision is wrong.
The motion for a nonsuit or new trial is therefore refused.